IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

ZAIDA GUERRERO,

     Plaintiff,                             CASE NO.:  35-2016-CA-000907

v.

SUNTRUST BANK,

     Defendant.

_____/

### DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant SUNTRUST BANK (hereinafter "Defendant"), by and through its undersigned counsel and pursuant to Fla. R. Civ. P. 1.280 and 1.340(a) and (b), hereby serves upon Plaintiff ZAIDA GUERRERO (hereinafter "Plaintiff"), its First Set of Interrogatories, and demands that the following be answered under oath within thirty (30) days of the date of service as set forth below.

### PRELIMINARY STATEMENT AND INSTRUCTIONS

The following instructions are to be considered applicable to all interrogatories propounded in this discovery unless made expressly inapplicable by the particular interrogatory.

1.  In answering this discovery, please furnish all information that is available to you, including information in the possession of your agents, attorneys, investigators, and anyone else acting on your behalf.

EXHIBIT A

2.   If you cannot fully answer a particular interrogatory after exercising due diligence to secure the information necessary to do so, state that fact with respect to each such interrogatory and answer to the fullest extent possible, specifying in detail your inability to answer the remainder thereof and stating whatever information, material, or knowledge you have concerning the unanswered portion, and further stating what efforts were made, and by whom, to obtain the information requested in the unanswered portion.

3.   If a claim of privilege is asserted as to any oral or written communication responsive to or requested by this discovery, please identify such oral or written communication, the precise privilege asserted, the factual predicate for such assertion, and those persons who have knowledge regarding any facts contained in, or regarding the substance of, said communication, so as to allow Defendant to bring this matter before the Court.  Communications shall be deemed to be adequately described for this purpose if the following information is provided:

a.   The nature of the privilege claimed (the term privilege as used herein shall include work product);

b.   The identity and position of the person(s) who made the statement or prepared the document;

c.   In the case of written communications, the approximate date the document was prepared, its title, the type of document (e.g. letter, memo, etc.), the name and address of the person(s) to whom it is addressed and the person(s) to whom it was sent, and the name and position of each person, including attorneys acting on behalf of or representing Plaintiff in connection with this lawsuit, to whom the contents of the documents have been communicated by copy, exhibition, reading or substantial summarization;

d.   In the case of oral communications, the location and approximate date of each such communication, the identity of each person who was a party to the communication, and the identity of each person, including attorneys acting on behalf of or representing Plaintiff in connection with this lawsuit, to whom the contents or substance of the communication, or any part thereof, has been communicated; and,

e.   A brief description or summary of the contents or substance of the communication sufficient to explain the basis for the claim of privilege.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1.   "Person" means a natural person, corporation, partnership, sole proprietorship, union, association, federation, or any other kind of entity; and the acts and knowledge of a person shall include the acts and knowledge of that person's directors, officers, members, partners, employees, representatives, agents, and attorneys.

2.   "Document" means any written, recorded, filmed, or graphic matter, whether produced or reproduced, on paper, cards, tapes, film, electronic facsimile, computer storage device, or any other media, including but not limited to, communications, files, personal or intra-office memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs reports, studies, charts, graphs, statements, notebooks, intra company communications, handwritten notes, applications, agreements, books, pamphlets, periodicals, professional manuals, appointment or other calendars, records or recordings of oral conversations or meetings, work papers, and also including but not limited to, originals and all copies which are different in any way from the originals, whether by interlineation, receipt stamp, notation, indication of copies sent or received and drafts.

"Document" specifically includes documents (business or personal) in Plaintiff's possession or in Plaintiff's control (business or personal).  "Document" includes "electronic documents" which include, among other things, messages, images or any other information contained in e-mail, voice mail, fax machines, computers, personal digital assistants (including Blackberry, smart phones or similar text messaging devices), pagers, telephones, cellular and mobile phones including those with cameras), Intranet, Internet, information on a memory or flash key or card, jump or zip drive or any other type of internal or external removable storage drives.

If the document or documents you produce is only a part of the information requested, please provide the remaining information in writing in answer to the interrogatory to which you are responding.  If any document identified is no longer in your possession or control, or is no longer in existence, please state whether it is: (1) lost or missing; (2) destroyed; (3) transferred voluntarily or involuntarily to others and, if so, to whom; or (4) otherwise disposed of; and in each instance, please explain the circumstances surrounding and the authorization for such disposition, and state the approximate date thereof.

3.  The terms "You", "Your" and "Plaintiff" mean the Plaintiff, ZAIDA GUERRERO, collectively and individually, unless otherwise indicated.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person having knowledge of facts or discoverable information regarding or relating to allegations contained in the Complaint.  For each person identified, state the subject(s) of his or her knowledge.

**ANSWER:**

**INTERROGATORY NO. 2:**

Identify all damages you claim to have suffered as a result of the alleged termination of your employment with Defendant, including but not limited to, financial loss, psychological injury, emotional distress, or otherwise.

**ANSWER:**


**INTERROGATORY NO. 3:**

Identify with specificity the similarly situated employees who you believe were treated better than you.

**ANSWER:**


**INTERROGATORY NO. 4:**

Identify the Non-Hispanic employees, referenced in your Charge of Discrimination, who allegedly had their one year probationary employment period waived.

**ANSWER:**


**INTERROGATORY NO. 5:**

Identify every employer by name, address and telephone number, including  yourself if you  are or have  been self-employed, for whom you  has worked since first entering the workforce, and for each such employer, state the following:  dates of employment; position(s) or title(s); name of immediate supervisor(s); the pay and benefits received; the reason for termination, layoff, or resignation.

**ANSWER:**

**INTERROGATORY NO. 6:**

State whether you were ever counseled, reprimanded or disciplined for taking long breaks and/or for talking on your phone at the teller station. If so, identify the dates you were counseled and who spoke to you regarding these issues.

**ANSWER:**


**INTERROGATORY NO. 7:**

Identify each person by name, address, and telephone number from whom you have obtained or plan to obtain a statement, written or otherwise, concerning any act, circumstance or event relating to Plaintiff's claims in this case, and provide the date of each statement and the name of the custodian of each statement.

**ANSWER:**


**INTERROGATORY NO. 8:**

Identify and describe every document and other tangible item, object, or thing which you contend evidences, supports, discredits, refers to and/or is relevant to your claims in this action, and explain how each such document supports, discredits, or is relevant to your claims, giving the name and address of the person having custody of such document, thing or item.

**ANSWER:**


**INTERROGATORY NO. 9:**

State whether, at any time during or after your employment with Defendant, you ever recorded information in any form, including, but not limited to, diaries, journals, logs, calendars, notes, or

memoranda, referring and/or relating to your claims and/or employment with Defendant, and identify for each such record the format of the record; the date the record was made; the facts contained in the record; and the current location and custodian of the record.

**ANSWER:**


**INTERROGATORY NO. 10:**

If you expect to call any person as an expert witness at trial, identify that person, state the subject matter on which the expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**


**INTERROGATORY NO. 11:**

If you have been sick or disabled (totally or partially) or otherwise unable to work (full or part-time) for any reason since your alleged termination from Defendant, identify and describe in detail the circumstances, nature, and reasons for or cause of any disability, any physical restrictions imposed, and the dates of each period of disability or restrictions.

**ANSWER:**


**INTERROGATORY NO. 12:**

State every source of income you have  had since April 2014, including but not limited to income received through employment, self-employment, federal, state or other government assistance, including unemployment compensation, social security benefits, disability benefits, or any other governmental or private welfare benefit payments, insurance, gifts, winnings, revenue and/or

private or charitable donations, and with respect to each source, states the total amount of income

received and the dates received.

**ANSWER:**


**INTERROGATORY NO. 13:**

Identify the names of any and all persons who called or witnessed you being referred to as "ghetto,"

"Hispanic girl" or "Sofia Vergara" in Defendant's workplace.

**ANSWER:**


**INTERROGATORY NO. 14:**

If you have ever been convicted of, pleaded guilty or pleaded no contest to a felony or a crime

involving dishonesty, state the date, place, jurisdiction and case number of each.

**ANSWER:**


**INTERROGATORY NO. 15:**

If you have ever filed for bankruptcy, state the type of bankruptcy petition filed, i.e., Chapter 7 or

13, the court in which it was filed, the date it was filed, and the disposition or current status of the

case.

**ANSWER:**


**INTERROGATORY NO. 16:**

Did you ever place a recording device in the workplace during your employment with Defendant?

If so, please identify who you recorded and the dates you recorded other employees of Defendant.

**ANSWER:**

**INTERROGATORY NO. 17:**

Identify every place or person to whom you have applied for employment during or subsequent to your employment with Defendant. Include in your answer, the name and address of any place or person to whom you applied for employment, the type of job to which you applied, whether or not you were interviewed for the position, and whether or not you were hired. For any person or place where you were hired, identify the job into which you were hired, when you began to work there, whether or not you are still employed there, and your rate of pay for work being performed.

**ANSWER:**

**INTERROGATORY NO. 18:**

Identify each and every written or oral evaluation, criticism, counseling or discipline you received from any agent, manager, or employee of Defendant, including the date(s) and action(s) taken, the individual who communicated or performed the same, the substance of the communication, and any witness thereto.

**ANSWER:**

**INTERROGATORY NO. 19:**

Identify the amount of income and benefits you claim to have lost as a result of the Defendant's alleged acts and all out-of-pocket expenses you claim to have incurred as a result of the Defendant's alleged acts, and identify all documents you contend support those claims.  Include

in the answer a detailed description of the method by which each such amount was computed and the basis for your contention that such relief is necessary or appropriate.

**ANSWER:**


**INTERROGATORY NO. 20:**

Identify all social media sites you have used since April 2012, including but not limited to Facebook, Instagram, Twitter, LinkedIn, and blogs, and state whether on any of these sites you have referred to your employment with Defendant, your claims against Defendant, any damages you claim resulted from your employment at Defendant, and/or your emotional state or wellbeing.

**ANSWER:**


**INTERROGATORY NO. 21:**

If you are seeking damages for emotional distress, mental anguish, humiliation, pain and suffering or similar conditions, identify all medical care providers from whom you have sought and/or received treatment, advice, therapy or counseling in the past ten (10) years, and for each, state what mental, emotional or physical illness, injury or condition for which you were treated, advised or counseled; whether the illness, injury or condition was found to be related to your employment with Defendant, and how it was related; on what date or dates you were treated, advised, or counseled; what diagnosis or prognosis was given; the result of the treatment; what medications were prescribed; and whether you still suffer from the illness, injury or condition.

**ANSWER:**

## <u>VERIFICATION</u>

**ZAIDA GUERRERO,**

_____
Signature of Plaintiff

STATE OF _____

COUNTY OF _____

     SWORN TO AND SUBSCRIBED before me this ___ day of _____ 2019.
The Affiant, _____, is [    ] personally known to me or [    ] has produced
_____ as identification, which is current or has been issued
within the past five years and bears a serial number or other identifying number.

_____
Signature of Notary

Name of Notary:

Commission & Expiration:

Respectfully submitted, this the 21st day of February 2019.

**FISHER & PHILLIPS LLP**

**/s/Andrew Froman**
Andrew Froman, Esq.
Florida Bar No.: 19429
afroman@fisherphillips.com
Brett P. Owens, Esq.
Florida Bar No.: 0112677
bowens@fisherphillips.com
101 E. Kennedy Blvd.
Suite 2350
Tampa, FL 33602
Telephone: (813) 769-7500
Facsimile: (813) 769-7501

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2019, a true and correct copy of the

foregoing was served via electronic mail on the following:

Kyle Lee, Esq.
P. O. Box 4476
Brandon, Florida 33509-4476
kyle@kyleleelaw.com

*/s/Andrew Froman*
Attorney

Filing # 85323659 E-Filed 02/21/2019 05:38:42 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

ZAIDA GUERRERO,

      Plaintiff,                                   CASE NO.:  35-2016-CA-000907

v.

SUNTRUST BANK,

      Defendant.

_____/

## DEFENDANT'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS

      Pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, and by and through undersigned counsel, Defendant SUNTRUST BANK (hereinafter "Defendant") requests that the Plaintiff, ZAIDA GUERRERO (hereinafter "Plaintiff") produce for inspection and copying at the offices of Fisher & Phillips LLP, 101 East Kennedy Blvd., Suite 2350, Tampa, Florida 33602, the documents requested herein within thirty (30) days from the date of service of this request.

### PRELIMINARY STATEMENT AND INSTRUCTIONS

      The following instructions are to be considered applicable to all requests propounded in this discovery unless made expressly inapplicable by the particular request.

      1.  This Request for Production of Documents shall include all documents which are in the possession, custody, or control of Plaintiff or in the possession, custody, or control of the present or former agents, representatives, or attorneys of Plaintiff, or any or all persons acting on his behalf, including documents at any time in the possession, custody, or control of such individuals.

      2.  If you cannot fully answer a particular request after exercising due diligence to secure

FPDOCS 35019223.1

the information necessary to do so, state that fact with respect to each such request and answer to the fullest extent possible, specifying in detail your inability to answer the remainder thereof and stating whatever information, material, or knowledge you have concerning the unanswered portion, and further stating what efforts were made, and by whom, to obtain the information requested in the unanswered portion.

3.   If a claim of privilege is asserted as to any oral or written communication responsive to or requested by this discovery, identify such oral or written communication, the precise privilege asserted, the factual predicate for such assertion, and those persons who have knowledge regarding any facts contained in, or regarding the substance of, said communication, so as to allow Plaintiff to bring this matter before the Court.  Communications shall be deemed to be adequately described for this purpose if the following information is provided:

a.   The nature of the privilege claimed (the term privilege as used herein shall include work product);

b.   The identity and position of the person(s) who made the statement or prepared the document;

c.   In the case of written communications, the approximate date the document was prepared, its title, the type of document (e.g. letter, memo, etc.), the name and address of the person(s) to whom it is addressed and the person(s) to whom it was sent, and the name and position of each person, including attorneys acting on behalf of or representing the Defendant in connection with this lawsuit, to whom the contents of the documents have been communicated by copy, exhibition, reading or substantial summarization;

d.   In the case of oral communications, the location and approximate date of each such communication, the identity of each person who was a party to the communication, and the identity

of each person, including attorneys acting on behalf of or representing the Defendant in connection with this lawsuit, to whom the contents or substance of the communication, or any part thereof, has been communicated; and,

e.   A brief description or summary of the contents or substance of the communication sufficient to explain the basis for the claim of privilege.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1.      The terms "You", "Your" and "Plaintiff" mean the Plaintiff, ZAIDA GUERRERO, collectively and individually, unless otherwise indicated.

2.      The term "Defendant" refer to SUNTRUST BANK unless otherwise indicated.

3.      The term "Person" means a natural person, corporation, partnership, sole proprietorship, union, association, federation, or any other kind of entity; and the acts and knowledge of a person shall include the acts and knowledge of that person's directors, officers, members, partners, employees, representatives, agents and attorneys.

4.      "Document" means any written, recorded, filmed, or graphic matter, whether produced or reproduced, on paper, cards, tapes, film, electronic facsimile, computer storage device, or any other media, including but not limited to communications, files, personal or intra-office memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stub reports, studies, charts, graphs, statements, notebooks, intra company communications, handwritten notes, applications, agreements, books, pamphlets, periodicals, professional manuals, appointment or other calendars, records or recordings of oral conversations or meetings, work papers, and also including but not limited to originals and all copies which are different in any way from the originals, whether by

interlineation, receipt stamp, notation, indication of copies sent or received and drafts. "Document" also includes "electronic documents" which include, among other things, messages, images or any other information contained in e-mail, voice mail, fax machines, computers, personal digital assistants (including Blackberry, smart phones or similar text messaging devices, pagers, telephones, cellular and mobile phones including those with cameras), Intranet, Internet, information on a memory or flash key or card, jump or zip drive or any other type of internal or external removable storage drives. ***"Document" specifically includes documents (business or personal) in Plaintiff's possession, custody or control.***

When a document to be produced is an e-mail, produce all copies of the e-mail, and any e-mails, notes, memoranda or other documents to which the e-mail was sent in response, and/or any e-mails, notes, memoranda or documents sent subsequently to the e-mail which are in response to the e-mail, or which relate to the e-mail in any way, and/or any e-mails or documents forwarding the e-mail.

5.      "Communication" shall mean any contact, oral or written, formal or informal at any time or place, under any circumstances, in any manner, whereby a statement of any nature is transmitted, disclosed, exchanged or transferred, and shall include, without limitation, any documents containing, constituting, reflecting, memorializing, referring or relating to any such contact. "Communication" includes "electronic communications" which include, among other things, messages, images or any other information contained in e-mail, voice mail, fax machines, computers, personal digital assistants (including Blackberry, smart phones or similar text messaging devices, pagers, telephones, cellular and mobile phones including those with cameras), Intranet, Internet, information on a memory or flash key or card, jump or zip drive or any other type of internal or external removable storage drives.

6.      All terms and words used in the following Document Requests shall have the meaning as set forth in Merriam Webster's Collegiate Dictionary, latest edition unless otherwise defined herein.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      Any and all documents which allegedly support the Plaintiff's claim for damages.

2.       Any and all statements about the facts of the case, and the claims or defenses asserted in the case, previously made by the Plaintiff herein or Plaintiff's agents.

3.       True copies of any and all federal income tax returns, W-2 withholding tax statements and any and all business records, paid receipts and other memoranda in the possession, custody or control of the Plaintiff indicating the Plaintiff's gross income, including self-employment, employment, salaries, commissions, bonuses, investments, credits, and/or reimbursements for business expenses, from 2014 to present.

4.      All reports from experts whom you intend to call at the time of trial.

5.      A copy of the curriculum vitae of any and all experts whom you intend to call at the time of trial.

6.       All documents which refer or relate to any other lawsuits which Plaintiff has filed or had filed on her behalf.

7.      All documents relied upon in compiling your responses to interrogatories and requests for production.

8.      Any and all audio recordings Plaintiff recorded in Defendant's workplace.

9.       Any and all documents which purport to support Plaintiff's allegations against Defendant.

10.      Any and all documents which were obtained from, created or generated by

Defendant.

11.     Any and all documents related to Plaintiff's resignation from her employment with Defendant.

12.     Copies of all records obtained by a records request for any reports or documents concerning the incidents alleged in Plaintiff's Complaint.

13.     Photocopies of receipts, statements, invoices, checks, cancelled checks, explanations of benefits, benefits statements, or other documents or tangible evidence representing expenses of any kind which are claimed to be recoverable in this proceeding.

14.     Any and all statements of any witnesses to the alleged incidents in Plaintiff's Complaint.

15.     Any and all documents referencing or mentioning Defendant.

16.     Copies and screenshots of any and all posts made by Plaintiff on any social media account discussing or mentioning her employment with Defendant.

17.     Copies of any and all applications for employment completed by Plaintiff after her employment with Defendant ended.

18.     Copies of any and all job offers received by Plaintiff after her employment with Defendant ended.

19.     Any and all written communications between Plaintiff and Defendant.

20.     All documents that evidence, relate to and/or refer to Defendant's pay plans, job descriptions, handbooks, procedure manuals, policies, procedures or similar documents.

21.     All documents that evidence, relate to and/or refer to the terms and conditions of Plaintiff's employment with Defendant.

22.     All documents that evidence, relate to and/or refer to the duties and responsibilities

of Plaintiff's position with Defendant.

23.     All documents that evidence, relate to and/or refer to the compensation to be paid to Plaintiff while employed by Defendant.

24.     All business records of Defendant which are in Plaintiff' possession, custody, or control.

25.     All documents removed by Plaintiff, electronically or otherwise, from Defendant's premises, and every photo copy made by Plaintiff of any documents located at any time at Defendant's premises or in its computer system.

26.     All documents that evidence, relate to and/or refer to any contacts or communications between Plaintiff and Defendant, its former or present agents, representatives, employees, or customers concerning the allegations in Plaintiff's Complaint or Defendant's defenses in this matter.

27.     All documents that evidence, relate to and/or refer to any contacts or communications between Plaintiff and any person concerning the allegations in Plaintiff' Complaint or Defendant's defenses in this matter.

28.     All documents provided to or received from any federal, state, or local agency relating to Plaintiff' employment at Defendant, including but not limited to, documents relating to any charge of discrimination against Defendant, any claim against Defendant, or claim for unemployment compensation.

29.     All documents provided to Plaintiff from any third party evidencing or relating to the allegations in Plaintiff's Complaint or Defendant's defenses in this matter.

30.     All documents containing a statement, observation, summary or report of any kind by or concerning any person having any direct or indirect knowledge of any matter alleged in the

Complaint, including but not limited to, copies of any written, recorded or transcribed statements made by any party or witness relating to the allegations in Plaintiff's Complaint.

31.     All documents evidencing the agreement between Plaintiff and her lawyer(s) for payment of her lawyer's fees, costs and disbursements in connection with this lawsuit.

32.     All documents that evidence, relate to and/or refer to Plaintiff's attempts to find employment during and/or subsequent to her employment with Defendant, through the conclusion of this lawsuit, including, but not limited to, employment applications, resumes, correspondence, notes, and memoranda to or from any prospective employers from whom employment was sought regarding interviews, applications, tests, offers of employment or rejections of applications for employment, and all other documents memorializing or in any other way related to such attempts.

34.     All documents that relate to and/or refer to each job Plaintiff held (whether or not for wages and including self-employment) during and/or subsequent to Plaintiff's employment with Defendant, including, but not limited to, documents relating to job title, job status, or rate of pay; descriptions of jobs held or work performed; employee handbooks and benefit statements of each employer; and documents relating to offers of insurance payments, health benefits, stock transfers, or other benefits to be paid for or provided, in whole or in part, by the employers, regardless of whether those benefits were actually obtained.

35.     All documents that relate to and/or refer to any other charges, complaints, lawsuits, or other legal proceedings filed by Plaintiff, or in which she has participated in any way.

36.     All documents that evidence, support, refute or otherwise relate to the allegations made in Paragraphs 9, 10, 11, 12, 15, 17, 19, 21, 23, and 24 of the Complaint.

37.     All documents received in connection with any subpoena issued in this litigation or otherwise secured from a non-party to this action.

38.     All documents reflecting any resume of Plaintiff's in existence during the period of her employment with Defendant through the conclusion of this matter.

39.     All documents that relate and/or refer to Plaintiff's educational background, including all schools and educational institutions attended, the dates attended, the course of study pursued, any degrees obtained, Plaintiff's grades or grade point average, any disciplinary matter, and any counseling or therapy received from or through these schools and education institutions.

40.     All documents identified, referenced or used in preparation of Plaintiff's Complaint.

41.      All documents which Plaintiff may introduce into evidence or rely upon at trial, including demonstrative exhibits.

42.     To the extent not identified and produced above, all documents identified in Plaintiff's responses to Defendant's First Set of Interrogatories to Plaintiff, and all documents not identified in response to the Requests above, that Plaintiff claims evidence, support or relate to any of the allegations contained in her Complaint.

43.     If Plaintiff is seeking damages for emotional distress, mental anguish, humiliation, pain and suffering or similar conditions; produce any and all medical records, including records, notes, charts, reports, letters, prescriptions, or other documents relating to any treatment received by Plaintiff from any physician (including psychiatrist), psychologist, psychotherapist or other mental health counselors that support or refute Plaintiff's claim for damages due to emotional trauma, pain and suffering, and mental anguish as alleged in Plaintiff's Complaint.

44.     All documents that relate to and/or refer to any payments made by Plaintiff or on Plaintiff's behalf, for medical care or treatment, including physical, mental, psychological, or psychiatric treatment or counseling during Plaintiff's employment with Defendant through the

conclusion of this lawsuit, including, but not limited to, hospital bills, canceled checks, and receipts.

Respectfully submitted this 21st day of February 2019.

**FISHER & PHILLIPS LLP**

**/s/Andrew Froman**
Andrew Froman, Esq.
Florida Bar No.: 19429
afroman@fisherphillips.com
Brett P. Owens, Esq.
Florida Bar No.: 0112677
bowens@fisherphillips.com
101 E. Kennedy Blvd.
Suite 2350
Tampa, FL 33602
Telephone: (813) 769-7500
Facsimile: (813) 769-7501

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 21, 2019, I electronically filed the foregoing with the Florida courts E-Filing Portal, which will automatically send a copy to counsel for Plaintiff:

Kyle Lee, Esq.
P. O. Box 4476
Brandon, Florida 33509-4476
kyle@kyleleelaw.com

**/s/Andrew Froman**
Attorney

FPDOCS 35019223.1