**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**ZAIDA GUERRERO,**

    **Plaintiff,**

**v.**                                                                     **Case No: 5:19-cv-341-Oc-PGBPRL**

**SUNTRUST BANK, A GEORGIA
CORPORATION,**

    **Defendant.**

---

## ORDER

This matter is before the Court on Defendant's motion to compel sufficient responses to its First Request for Production of Documents and First Set of Interrogatories. (Doc. 29). Specifically, Defendant moves the Court to Order Plaintiff to produce all documents in Plaintiff's custody, possession, or control that are responsive to Defendant's Request for Production Nos. 26, 27, 29, 43 and 44 and to provide better responses to Defendant's Interrogatory Nos. 4, 5, 11, 18, 19, and 21.

Plaintiff failed to timely respond so the Court issued an Order to show cause why the motion should not be granted as unopposed. (Doc. 30). Plaintiff then filed a very cursory response stating that she failed to timely respond "[f]or various reasons, including illness," and that the motion is now moot because she served amended discovery responses on December 17, 2019. (Doc. 31). Defendant disagrees and argues that several of Plaintiff's discovery responses are still inadequate and that the demand for fees was not mooted by the late amended responses. (Doc. 32).

First, Defendant contends that Plaintiff's answers to Interrogatories Nos. 5 and 21 are still insufficient because Plaintiff has not provided complete answers. The Court does not have the benefit of reviewing Plaintiff's amended answers, however, the initial responses quoted in the

motion to compel were clearly inadequate.[1] To the extent Plaintiff has not provided full and complete responses to both interrogatories, she shall do so within **ten (10) days** of this Order.

Also still disputed is Request for Production Nos. 43 and 44, which seek medical records and medical billing records. Plaintiff raised no objection to either request and stated that she had requested the records from her medical providers and would produce them once she received them. To date, she has not produced any of the records. While the Court cannot compel Plaintiff to produce records that are not in her possession or control, there is no dispute that Defendant is entitled to the requested information. Accordingly, within **ten (10) days** of this Order, Plaintiff shall provide Defendant with the name, address, and telephone number of any treating physician, psychiatrist, psychologist, psychotherapist or other mental health counselor (responsive to Request for Production Nos. 43 and 44), and a written authorization, so that Defendant can subpoena the records itself.

---

[1] INTERROGATORY NO. 5: Identify every employer by name, address and telephone number, including yourself if you are or have been self-employed, for whom you has worked since first entering the workforce, and for each such employer, state the following: dates of employment; position(s) or title(s); name of immediate supervisor(s); the pay and benefits received; the reason for termination, layoff, or resignation.

RESPONSE: Visallis MLM, Chase Bank, Interior Designs

INTERROGATORY NO. 21: If you are seeking damages for emotional distress, mental anguish, humiliation, pain and suffering or similar conditions, identify all medical care providers from whom you have sought and/or received treatment, advice, therapy or counseling in the past ten (10) years, and for each, state what mental, emotional or physical illness, injury or condition for which you were treated, advised or counseled; whether the illness, injury or condition was found to be related to your employment with Defendant, and how it was related; on what date or dates you were treated, advised, or counseled; what diagnosis or prognosis was given; the result of the treatment; what medications were prescribed; and whether you still suffer from the illness, injury or condition.

RESPONSE: As Plaintiff has been unable to work from the time of separation with the Defendant's Plaintiff has lost her yearly salary and benefits, from the Defendant from the date of termination through the present.

The Court will defer ruling on Defendant's request for attorney's fees at this time. Plaintiff is cautioned that the Court will entertain future requests for attorney's fees if her conduct necessitates the filing of any further motions to compel. The Court expects all parties to practice discovery with a spirit of cooperation and civility.

**DONE** and **ORDERED** in Ocala, Florida on January 9, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties