UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ZAIDA GUERRERO,

       **Plaintiff,**

**v.**                                       **Case No: 5:19-cv-341-Oc-PGBPRL**

**SUNTRUST BANK, A GEORGIA
CORPORATION,**

       **Defendant.**

_____

**ORDER**

Plaintiff filed this employment discrimination action in May 2016 in state court. The case

ultimately was removed to this Court on July 22, 2019. (Doc. 1). Pursuant to the case

management and scheduling order, the case is set for jury trial in February 2021 and discovery

just closed on August 8, 2020. (Doc. 28). There are several issues pending. The Court will take

them in turn.

**1.      Extensions**

Plaintiff's counsel recently withdrew from representation, leaving Plaintiff

unrepresented.[1] Not surprisingly, Plaintiff now seeks extensions of discovery and dispositive

motions and additional time to find counsel. (Docs. 47, 48, 51).

Defendant objects arguing that Plaintiff has not diligently pursued discovery and that

Plaintiff has "spent more time avoiding discovery than attempting to conduct discovery." To that

---

[1] The Court granted counsel's motion to withdraw contingent upon his representation of
Plaintiff at her deposition on July 28, 2020, because he had not provided Plaintiff with sufficient
notice of his intent to withdraw as required by Local Rule 2.03(b). (Doc. 43).

end, Defendant points to an earlier motion to compel granted by the Court (Doc. 33) and the

pending motion for sanctions related to Plaintiff's failure to appear at her own deposition. (Doc.

38, 42).

While recognizing that this case has been pending for over four years, and that Plaintiff's

failure to comply with her discovery obligations has necessitated the filing of discovery motions,

given counsel's recent withdrawal, the Court feels compelled to extend the discovery and

dispositive motion deadlines by 60 days to give Plaintiff additional time to retain counsel (if she

so chooses) and to complete discovery.[2]

Accordingly, Plaintiff's motions (Doc. 47, 48, 51) are **GRANTED** to the extent that the

discovery deadline is extended until **October 7, 2020** and the dispositive motion deadline is

extended until **November 4, 2020. Plaintiff should use this additional time wisely because the**

**Court is unlikely to grant any further extensions of these deadlines.**

**2.      Sanctions**

With that resolved, the Court must also address Defendant's motion for sanctions for

Plaintiff's failure to appear at her deposition on June 24, 2020. (Docs. 42).[3]  There is no dispute

that counsel conferred and agreed on the scheduling of Plaintiff's deposition on June 24, 2020.

The record shows that Defendant's counsel informed Plaintiff's counsel via email on June 16,

2020 that Plaintiff's deposition would be for June 24, 2020 at 9:30 AM at Defendant's office

located at 200 South Orange Avenue, Suite 1100 Orlando, Florida 32801. (Doc. 42-1 at 1).

Plaintiff's counsel did not respond or object to the same. On June 16, 2020, Defendant served

---

[2]  This will necessitate the extension of other case deadlines, which will be done by separate order.

[3]  Based on the filing of the amended motion, the initial motion for sanctions (Doc. 38) is terminated as moot.

Plaintiff with a copy of the Notice of Plaintiff's Deposition. (Doc. 42-2). According to defense counsel, on June 19, 2020, he informed Plaintiff's counsel that everyone attending the deposition would be required to wear a face covering, certify that they had not had any COVID-19 symptoms and that they had not been in contact with anyone diagnosed or exposed to COVID-19.

On June 22, 2020, Plaintiff's counsel asked if Defendant could re-schedule Plaintiff's deposition, but stated no basis for the request. On June 23, 2020, Plaintiff's counsel asked if Defendant could re-schedule Plaintiff's deposition due to a medical/family conflict. Defendant's counsel informed Plaintiff's counsel that Defendant was unwilling to move the deposition because this matter has been pending for more than four years, Plaintiff indicated she was available, and because Defendant's counsel had made plans to travel to Orlando, FL for Plaintiff's deposition. On June 23, 2020, Plaintiff's counsel informed Defendant's counsel that Plaintiff and Plaintiff's counsel have not experienced any COVID-19 symptoms and have not been in contact with anyone known to have COVID-19. Defense counsel represented that based on this he believed that Plaintiff's deposition would continue to move forward as scheduled by the parties. However, that night at 10:38 p.m. –only eleven hours before the scheduled deposition—Plaintiff filed her motion for protective order, stating for the first time that she was unwilling to have her deposition taken in person due to COVID-19. (Doc. 34). On June 24, 2020, Plaintiff failed to appear for her deposition. (Doc. 42-3).

The Court ultimately denied the motion for protective order and held a hearing on July 23, 2020 to discuss the instant motions for sanctions and the scheduling of Plaintiff's deposition. At that hearing, Plaintiff's counsel advised that he himself had attended the deposition and unsuccessfully attempted to get Plaintiff on the phone. He did not dispute defense counsel's

timeline of events leading up to the missed deposition or that Plaintiff had been provided with proper service. Plaintiff addressed the Court and advised that she had never refused to conduct her deposition, but that she was unwilling to conduct it in a Sun Trust location. (Doc. 45).

Pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(i), the Court may issue an order awarding sanctions if, when as here, a party fails to appear for their properly noticed deposition. Accordingly, the Court finds that sanctions are appropriate.

In deciding which sanctions to impose, this Court enjoys wide latitude and will only be reversed for abuse of discretion. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993), cert. denied, 510 U.S. 863 (1993). Given the circumstances presented here, the Court will require Plaintiff to pay Defendant **$500.00** within **ten (10) days** of this Order to offset the attorney's fees and costs incurred in preparing the motion for sanctions and attending Plaintiff's deposition. Plaintiff is advised that failure to comply with this requirement could result in additional sanctions, including the dismissal of her case.

**3.     Venue**

Finally, Plaintiff has filed a motion asking this Court to transfer venue to the Orlando Division because she has moved from Lake County to Orange County. The Court is disinclined to transfer the case at this point in the proceedings based solely on the fact that Plaintiff has moved to a neighboring county. Accordingly, Plaintiff's motion for transfer of venue (Doc. 49) is due to be **DENIED**.

Plaintiff is cautioned that despite proceeding *pro se* (that is, without a lawyer), she is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's

- 5 -

website (http://www.flmd.uscourts.gov). Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

     **DONE** and **ORDERED** in Ocala, Florida on August 17, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties